UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARAS KRYSA,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:20-CV-106 JCM (NJK)<br><br>ORDER |

     Presently before the court is plaintiff Taras Krysa's ("plaintiff") motion to remand. (ECF No. 5). Defendant State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("UNLV") filed a response (ECF No. 7), to which plaintiff replied (ECF No. 10).

**I.　Background**

     The instant action arises from a dispute between plaintiff, a tenured professor, and UNLV regarding the conditions of his employment. (ECF No. 1-1). Plaintiff sued UNLV on December 9, 2019, and amended his complaint on January 14, 2020. (ECF No. 5 at 2).

     As relevant here, plaintiff mailed a copy of his initial complaint to UNLV's general counsel the day after it was filed. (ECF No. 5 at 2). Plaintiff did not serve the complaint in accordance with Nevada Revised Statute ("NRS") § 41.031(2), which governs service of state entities in Nevada. (ECF No. 7 at 3). Plaintiff properly served UNLV with his amended complaint on January 14, 2020. (ECF Nos. 6 at 2; 7 at 4, 44). Three days later, UNLV removed this action. (ECF No. 1).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

**James C. Mahan**
**U.S. District Judge**

- 2 -

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III.  Discussion

The parties agree that plaintiff's various discrimination claims clearly assert federal claims within this court's jurisdiction. (ECF Nos. 5; 7; 10). The only point of contention is whether UNLV's removal was timely.

On one hand, plaintiff contends that UNLV received notice of removability "through service or otherwise" when he mailed his initial complaint to UNLV's general counsel on December 10, 2019. (ECF No. 5 at 2 (quoting 28 U.S.C. § 1446(b)(1))). Thus, by plaintiff's estimation, UNLV's thirty-day removal window closed on January 11, 2020. *Id.* at 3. On the other hand, UNLV argues that the removal clock did not start ticking until plaintiff properly served UNLV on January 14, 2020. (ECF No. 7 at 4).

Although neither party cites it, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), is directly on point and dispositive of this motion. In *Murphy Bros.*, the plaintiff filed his complaint and, three days later, "faxed a 'courtesy copy' of the file-stamped complaint to one of [defendant's] vice presidents. The parties then engaged in settlement discussions until . . . [plaintiff] officially served [defendant] under local law by certified mail." *Id.* at 348. Thirty days after it was served, the defendant in *Murphy Bros.* removed that case. *Id.* Plaintiff moved to remand, arguing that the defendant's time to remove began when he sent a courtesy copy. *Id.*

On interlocutory appeal, the Supreme Court held that removal was proper, reasoning as follows:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of

**James C. Mahan**
**U.S. District Judge**

- 3 -

> the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Id.* at 347–48.

The facts before the court indisputably show that UNLV was not properly served until January 14, 2020, despite the fact that UNLV "provided numerous professional courtesies to [p]laintiff Krysa, explicitly informing [p]laintiff Krysa of [his] statutory obligations [regarding service], explaining that UNLV's attorney was unable to waive service/notice, and providing specific contact information for both the Attorney General's Office and the Chancellor." (ECF No. 7 at 4).

Plaintiff "served" only a courtesy copy by mail, which was ineffective to perfect service on UNLV. Only three days after it was properly served, UNLV removed this action. Thus, the facts so closely resemble those in *Murphy Bros.* that the court must deny the motion to remand.

## IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 5) be, and the same hereby is, DENIED.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -